**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


| | |
|---|---|
| In re: X-TREME BULLETS, INC.; et al., | No. 22-16141 |
| Debtors, | D.C. No. 3:21-cv-00060-MMD |
| ———————————————— | |
| J. MICHAEL ISSA, as Trustee of the HMT Liquidating Trust, | MEMORANDUM[*] |
| Plaintiff-Appellee, | |
| v. | |
| CAPITAL CARTRIDGE, LLC, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted October 5, 2023[**]
Las Vegas, Nevada

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: RAWLINSON and OWENS, Circuit Judges, and PREGERSON,*** District Judge.

Capital Cartridge, LLC, (Capital Cartridge) appeals from the decision of the district court reversing the bankruptcy court's dismissal for lack of standing in an adversary proceeding to avoid transfers to Capital Cartridge, to recover property from Capital Cartridge, and to disallow claims. Reviewing *de novo*, we affirm the decision of the district court. *See Educ. Credit Mgmt. Corp. v. Coleman* (*In re Coleman*), 560 F.3d 1000, 1003 (9th Cir. 2009).

The adversary proceeding was brought by the Committee of Unsecured Creditors (Committee), which was appointed by the United States Trustee "to represent all unsecured creditors of the Debtors pursuant to [Section] 1102 of the Bankruptcy Code." The Debtors "consent[ed] to the grant of derivative standing . . . to assert, on behalf of the Debtors' estates, the Derivative Causes of Action." The derivative standing was approved by the bankruptcy court.

Capital Cartridge moved to dismiss the adversary proceeding on the basis that J. Michael Issa, the Liquidating Trust Trustee,[1] lacked standing. Capital

---

*** The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

[1] The Committee ceased to exist as of the effective date of the Chapter 11 Plan. As a result, the adversary proceeding and all other causes of action "transferred to and vest[ed] in the Liquidating Trust[] for the benefit of Creditors."

2

Cartridge also sought reconsideration of the grant of derivative standing to the Committee. The bankruptcy court summarily granted Capital Cartridge's motion. Issa appealed the dismissal to the district court. The district court reversed the bankruptcy court's order granting the motion to dismiss and vacated the order denying reconsideration.

We review the decision of the bankruptcy court with no deference to the district court decision. *See Tillman v. Warfield* (*In re Tillman*), 53 F.4th 1160, 1166 (9th Cir. 2022). "We apply the same standard of review to the bankruptcy court decision as does the district court: findings of fact are reviewed under the clearly erroneous standard, and conclusions of law, de novo. . . ." *In re Coleman*, 560 F.3d at 1003 (citation and alteration omitted).

**1.** We are not persuaded by Capital Cartridge's argument that the grant of derivative standing to the Committee violated the Bankruptcy Code. "Although the Bankruptcy Code contains no explicit authorization for the initiation of an adversary proceeding by a creditors' committee, a qualified implied authorization exists under 11 U.S.C. § 1103(c)(5)." *Official Unsecured Creditors Comm. v. U.S. Nat'l Bank of Or.* (*In re Sufolla, Inc.*), 2 F.3d 977, 979 n.1 (9th Cir. 1993) (citation omitted). "So long as the bankruptcy court exercises its judicial oversight and verifies that the litigation is indeed necessary and beneficial, allowing a creditors'

committee to represent the estate presents no undue concerns." *Liberty Mut. Ins. Co. v. Official Unsecured Creditors' Comm.* (*In re Spaulding Composites Co., Inc.*), 207 B.R. 899, 904 (B.A.P. 9th Cir. 1997) (citation omitted).

In *Avalanche Maritime, Ltd. v. Parekh* (*In re Parmetex, Inc.*), we rejected the proposition that creditors "have no standing to sue because only the . . . trustee has authority to bring adversary proceedings under" the Bankruptcy Code. 199 F.3d 1029, 1030 (9th Cir. 1999). We held that "where the trustee stipulated that the Creditors could sue on his behalf and the bankruptcy court approved that stipulation[,] the Creditors had standing to bring the suit." *Id.* at 1031 (citations omitted). Thus, the Committee had derivative standing pursuant to the stipulation between it and the Debtors, as approved by the bankruptcy court. The authority granted to the United States Trustee under Sections 323(a) and (b) of the Bankruptcy Code did not preclude the grant of derivative standing to the Committee. *See* 11 U.S.C. §§ 323(a)-(b); *see also id.* § 1103(c)(5) (authorizing a "committee appointed under section 1102" to "perform such other services as are in the interest of those represented").

**2.** The Committee was not required to establish Article III standing. The Committee "filed suit . . . on behalf of the estate," and "[c]onsequently . . . assert[ed] derivative standing[,]" obviating the requirement that the Committee

demonstrate Article III standing "in its own right." *In re Spaulding Composites Co., Inc.*, 207 B.R. at 903; *see also In re Parmetex, Inc.*, 199 F.3d at 1031 (holding that creditors had standing to pursue claims on behalf of the estate pursuant to a stipulation approved by the Bankruptcy Court).

**AFFIRMED.**